IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADRELLA E. WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 19-1753 (MN) |
| ) | |
| WILMINGTON HOUSING AUTHORITY, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**<u>MEMORANDUM OPINION</u>**

Adrella Wilson, Wilmington, Delaware, Pro Se Plaintiff.

November 22, 2019
Wilmington, Delaware

*Signature: Maryellen Noreika*

**NOREIKA, U.S. District Judge:**

**I.      INTRODUCTION**

Plaintiff Adrella Wilson ("Plaintiff") appears *pro se* and has been granted leave to proceed *in forma pauperis.* (D.I. 4). Plaintiff asserts jurisdiction by reason of a federal question, 28 U.S.C. § 1331. The Court proceeds to review and screen the matter pursuant to 28 U.S.C. § 1915(e)(2)(B).

**II.     BACKGROUND**

Plaintiff alleges that she was forced to relocate to Wilmington, Delaware, due to harassment because of a case she filed in New York City in 2005. (D.I. 2 at 4). Plaintiff alleges that retaliatory treatment began following a skull fracture in 2007. (*Id*. at 5).

Plaintiff alleges that after she relocated to Delaware, she resided at the Hope House and women's shelter where the harassment continued. (*Id*. at 4). Next, the Wilmington Housing Authority placed her in a high traffic area and ignored her complaints. (*Id*.). She alleges that she was denied services, proper care, treatment, medication, and/or electricity by Christiana and Wilmington Hospitals, Norman Broudy and Associates, Henrietta Johnson Medical Center, Delaware Division of Social Services, Shop-Rite Pharmacy, and Delmarva Power. (*Id*. at 5). Plaintiff also alleges that the Wilmington Housing Authority continually enters her apartment and seals documents. (*Id*. at 5). According to Plaintiff, "many people are involved." (*Id*.).

Plaintiff seek $777,777,000 in damages. (*Id*. at 7).

**III.    LEGAL STANDARDS**

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2)

1

(*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, however, the Court must grant a plaintiff leave to amend her complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes

that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

The Court has an independent obligation to address issues of subject matter jurisdiction. *See Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010) ("Federal courts are courts of limited jurisdiction, and when there is a question as to our authority to hear a dispute, 'it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition on the merits.'").

The Complaint alleges jurisdiction by reason of a federal question under 28 U.S.C. § 1331. The allegations, however, do not support a valid theory of liability even though Plaintiff uses the words "retaliation" and "harassment." The allegations fall woefully short of alleging a plausible basis for a federal claim. Because there is no federal jurisdiction, the Court considers whether there is jurisdiction by reason of diversity of citizenship under 28 U.S.C. § 1332.

Plaintiff does not allege jurisdiction on the basis of diversity and, even if she did, the allegations in the Complaint do not support it. Diversity jurisdiction exists when the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the suit is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1). "[F]or purposes of determining the existence of diversity jurisdiction, the citizenship of the parties is to be determined with reference to the facts as they existed at the time of filing." *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 569-70, (2004).

The Complaint does not explicitly allege the citizenship of any Defendant. Fairly read, it appears that Plaintiff and Wilmington Housing Authority, Christiana Hospital, Delaware Tech Community College, and Delaware Division of Social Services all are citizens of the State of Delaware. The matter is not alleged as between citizens of different states and, in fact, it appears

4

that it is not between citizens of different states. Therefore, the requirements for diversity jurisdiction have not been pled.

After thoroughly reviewing the Complaint and applicable law, the Court draws on its judicial experience and common sense and finds that the claims, as presented, do not state viable claims. Accordingly, the Court will dismiss the Complaint for failure to state a federal claim, and for lack of jurisdiction. Given the stated factual basis for the lawsuit, there is no basis to believe that Plaintiff can amend her lawsuit to state a federal claim. Hence, permitting leave to amend would be futile.

### IV. CONCLUSION

For the above reasons, the Court will dismiss the Complaint as legally frivolous pursuant 28 U.S.C. § 1915(e)(2)(B)(i) and for want of jurisdiction. The Court finds amendment futile.

An appropriate Order will be entered.